*339
 
 DILLON, Judge.
 

 *231
 
 The North Carolina Department of Public Safety and the North Carolina Highway Patrol (collectively, the "Highway Patrol") appeal from orders reversing the separation of Kevin Dail Owens ("Sergeant Owens") from his employment. Sergeant Owens cross-appeals from the final corrected order reversing his separation from his employment as well as an earlier order denying his motion to dismiss for lack of jurisdiction. For the following reasons, we affirm these orders.
 

 I. Background
 

 This matter involves an appeal by the Highway Patrol and a cross-appeal by Sergeant Owens.
 

 Sergeant Owens was employed with the Highway Patrol in 1995. His employment was terminated on 1 November 2012. He was rehired by the Highway Patrol nine months later in August 2013. Notwithstanding his reinstatement, he petitioned for a contested case hearing challenging his November 2012 termination, seeking to have his reinstatement applied retroactively back to November 2012 such that he would not have any break in service and to recover back pay and benefits for those nine months.
 

 *232
 
 A contested case hearing was held before an administrative law judge (the "ALJ"). By order entered 24 June 2014, the ALJ concluded that the Highway Patrol's termination of Sergeant Owens was improper and ordered that his reinstatement be retroactive to November 2012 without any break in service and that he receive back pay and benefits.
 

 The Highway Patrol subsequently filed a petition in superior court for judicial review of the ALJ's order. Sergeant Owens moved the superior court to dismiss the petition, contending that the Highway Patrol failed to serve him with the petition within the time allowed by statute. The superior court denied Sergeant Owens' motion to dismiss and granted the Highway Patrol additional time to properly serve Sergeant Owens. Subsequently, though, the superior court sided with Sergeant Owens on the merits, affirming the ALJ's order reinstating Sergeant Owens retroactively with back pay and benefits.
 

 On appeal to this Court, the Highway Patrol challenges the superior court's decision affirming the ALJ's order.
 

 On cross-appeal, Sergeant Owens argues that our Court should not even reach the merits of the Highway Patrol's appeal, contending that the superior court erred by denying his motion to dismiss the Highway Patrol's petition for judicial review.
 

 II. Sergeant Owens' Cross-Appeal
 

 Before reaching the merits of the Highway Patrol's appeal, we first address the merits of Sergeant Owens' cross-appeal. Specifically, Sergeant Owens contends that the superior court should have granted his motion to dismiss the Highway Patrol's petition for judicial review of the ALJ's order on the ground that he was not properly served the petition within the time allowed by N.C. Gen.Stat. § 150B-46. We disagree.
 

 N.C. Gen.Stat. §§ 150B-45 and 46 are the sections of the Administrative Procedure Act which set forth the procedures for the
 
 filing
 
 and
 
 serving
 
 of a petition for judicial review of a final decision in a contested case hearing.
 

 N.C. Gen.Stat. § 150B-45(a) provides that the person seeking judicial review must
 
 file
 
 the petition in the superior court "within 30 days after [being] served with the written copy of the [ALJ's] decision." Subsection (b) of that statute provides that "[f]or good cause shown[,] the superior court may accept an untimely [filed] petition[,]" otherwise, the right to judicial review is waived. N.C. Gen.Stat. § 150B-45(b).
 

 *233
 
 N.C. Gen.Stat. § 150B-46 states that the party seeking judicial review must
 
 serve
 
 copies of the petition on the other parties "[w]ithin 10 days after the petition is filed with the [superior] court," further providing that the service be either by personal service or by certified mail. However, unlike G.S. 150B-45 which allows the superior court to grant additional time for the
 
 filing
 
 of the petition, there is no express provision in G.S. 150B-46 which authorizes the superior court to extend the time for
 
 serving
 
 the petition.
 

 *340
 
 In the present case, the Highway Patrol timely
 
 filed
 
 its petition for judicial review. However, it improperly served the petition by
 
 regular mail,
 
 a means not authorized by G.S. 150B-46. After the 10-day period for service had expired, Sergeant Owens moved to dismiss the petition for improper service, contending that the superior court lacked personal jurisdiction over him. The superior court, though, granted the Highway Patrol's motion for additional time to serve the petition, and the Highway Patrol subsequently served the petition properly (by certified mail) some months after it originally filed the petition in the superior court.
 

 Sergeant Owens argues that the superior court should have granted his motion to dismiss. Essentially, the question raised by Sergeant Owens' challenge is whether the superior court had the authority to grant the Highway Patrol more time to accomplish service beyond the 10 days, absent any express language in G.S. 150B-46 authorizing the superior court to extend the time.
 

 In a published decision, our Court held that the superior court does not err by dismissing a petition for judicial review where there had not been proper service of the petition within 10 days of the filing of the petition in accordance with G.S. 150B46.
 
 Follum v. N.C. State. Univ.,
 

 198 N.C.App. 389
 
 , 395,
 
 679 S.E.2d 420
 
 , 424 (2009). The
 
 Follum
 
 Court did not express a view as to whether the superior court had the authority to grant more time to a party to accomplish service outside the 10 days provided for by G.S. 150B-46. In a subsequent
 
 unpublished
 
 opinion, though, a panel of our Court expressly held that the superior court lacked the authority to provide an extension beyond the 10-day limit to serve the petition and, therefore,
 
 must
 
 grant the non-petitioning party's motion to dismiss when proper service is not effected within the 10-day timeframe.
 
 Schermerhorn v. N.C. State Highway Patrol,
 

 223 N.C.App. 102
 
 ,
 
 732 S.E.2d 394
 
 (2012) (unpublished) (holding that "[b]ecause there is no language in N.C. Gen.Stat. § 150B-46 nor the rest of the general statutes providing for an extension to serve a petition for judicial review, we hold it was error for the trial court to grant Petitioner the extension").
 

 *234
 
 Under G.S. 150B-46, proper service can only be accomplished by either personal service or by certified mail. Personal service may be accomplished by handing a copy of the petition to the respondent. Certified mail is a form of delivery which requires that the recipient sign for the mail, and service by certified mail is accomplished when the mailing is signed for by the recipient. The General Assembly did not provide that service could be accomplished by depositing a copy of the petition in a mailbox. Therefore, under the reasoning in the unpublished
 
 Schermerhorn
 
 opinion, a respondent could avoid the judicial review of a favorable ALJ decision simply by avoiding service of the losing party's petition for judicial review for 10 days,
 
 e.g.,
 
 by leaving town or by refusing to sign for certified mail, whereupon the losing party's right to judicial review might be lost forever.
 

 We do not believe that the General Assembly intended such a harsh result that is suggested in
 
 Schermerhorn.
 
 Rather, we hold that the superior court has the authority to grant an extension in time, for good cause shown, to a party to serve the petition beyond the ten days provided for under G.S. 150B-46. We further hold that, in the present case, where Sergeant Owens did receive a copy of the petition (though through regular mail) within ten days of the filing of the petition, the trial court did not err in exercising its discretion in allowing the Highway Patrol to serve Sergeant Owens properly, though outside the ten-day window. And once proper service was accomplished, the superior court obtained personal jurisdiction over Sergeant Owens.
 

 III. The Highway Patrol's Appeal
 

 Having concluded that the superior court properly exercised jurisdiction, we turn to the merits of the Highway Patrol's appeal.
 

 On appeal, the Highway Patrol argues that the superior court erred in affirming the ALJ's order retroactively reinstating Sergeant Owens and awarding him back pay and
 
 *341
 
 benefits. We affirm the superior court's order.
 

 A. Factual and Procedural Background
 

 The circumstances concerning Sergeant Owens' termination and reinstatement are as follows: In 2005, Sergeant Owens began working as a District Sergeant, a position which required him to maintain certain credentials. To maintain these credentials and, therefore, be qualified to work as a District Sergeant, Sergeant Owens was required to complete annual firearms training and eight hours of other training.
 

 *235
 
 In November 2010, the State Bureau of Investigation notified the Highway Patrol that Sergeant Owens was the subject of a criminal investigation relating to his alleged involvement with obtaining illegal prescriptions from a nurse he was dating. On 2 December 2010, due to the ongoing active criminal investigation, Sergeant Owens was placed on "administrative duty," essentially working in a civilian position performing general office duties (e.g., answering the phone and making copies) within the Highway Patrol. As a consequence, Sergeant Owens was required to surrender his vehicle, badge and firearms and was not allowed to perform any enforcement duties or supervise other officers during this time. While Sergeant Owens was on administrative duty, the Highway Patrol was not able to hire another District Sergeant to perform his duties, but rather the two other District Sergeants in his Troop had to "pick up the slack" caused by his absence.
 

 Throughout all of 2011, Sergeant Owens was allowed to remain on administrative duty while the criminal investigation into his alleged drug crimes continued. During this time, though, Sergeant Owens' supervisor, Colonel Gilchrist, did not allow Sergeant Owens to complete the firearms training or other training which were required to maintain his credentials. These credentials, though, were not required to perform the administrative duties to which Sergeant Owens' had been temporarily assigned.
 

 On 10 April 2012, Sergeant Owens was indicted in federal court on fourteen felony charges for illegal drug prescriptions.
 

 On 10 October 2012, while the federal charges were still pending, a federal judge entered an order in the criminal matter allowing Sergeant Owens to possess a firearm temporarily for the purpose of completing the annual firearms training required by the Highway Patrol and further directed the Highway Patrol to allow Sergeant Owens to complete this training. Colonel Gilchrist, however, refused to allow Sergeant Owens to complete his firearms training.
 

 On 26 October 2012, Sergeant Owens received notice that he was being considered for "administrative separation" (termination) from his employment based on (1) his
 
 loss of certain credentials
 
 necessary to perform the duties of a District Sergeant and (2) his
 
 unavailability
 
 to perform the duties of a District Sergeant. A pre-dismissal conference was held in which Sergeant Owens was allowed the opportunity to be heard and to present evidence.
 

 On 1 November 2012, almost two years after being placed on administrative duty and while his federal criminal charges were still pending,
 
 *236
 
 Colonel Gilchrist administratively separated (terminated) Sergeant Owens from his employment with the Highway Patrol.
 

 In February 2013, Colonel Gilchrist retired.
 

 In March 2013, the federal felony drug charges against Sergeant Owens were dismissed.
 

 In April 2013, a Lieutenant with the Highway Patrol invited Sergeant Owens to reapply for his old job, which he did
 
 three months later
 
 in July 2013. On 12 August 2013, Sergeant Owens completed his firearms certification and was reinstated with the Highway Patrol as a District Sergeant.
 

 Subsequently, Sergeant Owens filed for a contested case hearing to challenge his November 2012 termination. After an extensive hearing on the matter, the ALJ entered an extensive order with 139 findings of fact and 86 conclusions of law. In his order, the ALJ determined that Sergeant Owens' November 2012 termination was not handled in accordance with the law and directed that that his reinstatement be retroactive to 1 November 2012 such that he would not have any break
 
 *342
 
 in service and that he be awarded all back pay and benefits. The ALJ's order was affirmed by the superior court.
 

 B. Analysis
 

 1. Decision to Terminate Sergeant Owens
 

 The Highway Patrol argues that the ALJ erred in reversing the decision of Colonel Gilchrist to terminate Sergeant Owens on 1 November 2012 and that the superior court erred in affirming the ALJ's error.
 

 Our standard of review in such matters are as follows: "The North Carolina Administrative Procedure Act (APA), codified at Chapter 150B of the General Statutes, governs trial and appellate court review of administrative agency decisions."
 
 Amanini v. North Carolina Dep't of Human Res., N.C. Special Care Ctr.,
 

 114 N.C.App. 668
 
 , 673,
 
 443 S.E.2d 114
 
 , 117 (1994). "[Q]uestions of law receive
 
 de novo
 
 review, whereas fact-intensive issues such as sufficiency of the evidence to support an agency's decision are reviewed under the whole-record test."
 
 North Carolina Dep't of Env't and Natural Res. v. Carroll,
 

 358 N.C. 649
 
 , 659,
 
 599 S.E.2d 888
 
 , 894 (2004) (internal marks omitted) (emphasis in original).
 

 Turning to the merits of the appeal, Colonel Gilchrist separated Sergeant Owens on 1 November 2012 for Sergeant Owens'
 
 loss of credentials
 
 and for his
 
 unavailability.
 
 The Highway Patrol states in its Reply brief filed with our Court that it is
 
 not
 
 challenging the
 
 *237
 
 determination that Colonel Gilchrist failed to comply with the policy concerning separation for
 
 unavailability.
 

 [1]
 

 The Highway Patrol, however, challenges the ALJ's conclusion that Colonel Gilchrist improperly terminated Sergeant Owens on the basis of the
 
 loss of credentials.
 
 The Highway Patrol argues that the requirement that all leave time be exhausted to separate an employee for
 
 unavailability (see footnote 1)
 
 does not apply to a decision to separate an employee due to the
 
 loss of any credentials
 
 necessary in performing the job. The Highway Patrol points to 25 NCAC 01J.0614(4) which states that "[d]ismissal means the involuntary termination or ending of the employment of an employee for disciplinary purposes
 
 or failure to obtain or maintain necessary credentials
 
 " (emphasis added) and to 25 NCAC 01J.0615(d) (now codified in 25 NCAC 01J.0616 ) which states that the "[f]ailure to obtain or maintain the required credentials constitutes a basis for dismissal
 
 without prior warning
 
 " (emphasis added).
 

 Here, the ALJ found that Sergeant Owens, indeed, had lost certain credentials required to perform the duties of a District Sergeant while he was on administrative duty. However, the ALJ determined that the Highway Patrol had acted arbitrarily and capriciously in terminating Sergeant Owens on this basis. Specifically, the ALJ made a number of findings which were not challenged by the Highway Patrol, including (1) that Sergeant Owens lost his credentials through no fault of his own but because the Highway Patrol prevented him from doing so; (2) that the Highway Patrol relied on an order entered by a federal magistrate in Sergeant Owens' criminal case which prohibited Sergeant Owens from possessing a firearm as its justification, ignoring the subsequent order from the federal judge modifying the magistrate's order to allow Sergeant Owens to possess a firearm to complete his certification; and (3) that when he was terminated, Sergeant Owens was still on administrative duty performing functions which did not require that he be credentialed.
 

 *238
 
 The Administrative Code may allow for an employee to be terminated without prior warning for the failure to maintain
 
 *343
 
 required credentials; however, an employee so terminated is entitled to relief from an ALJ where the employer-agency acts arbitrarily and capriciously in terminating him on this basis. N.C. Gen.Stat. § 150B-23(a)(4) (2013). Here, the superior court did not err in affirming the ALJ's conclusion that the Highway Patrol acted arbitrarily and capriciously in terminating Sergeant Owens on the basis of loss of credentials. For instance, it was arbitrary and capricious for the Highway Patrol to prevent Sergeant Owens from taking his annual firearms training (necessary to retain his credentials), though the Highway Patrol was under no disability to allow the training to take place, and then terminate Sergeant Owens for his failure to complete said training. The ALJ's conclusion in this regard is supported by its uncontested findings.
 

 We note that the Highway Patrol does challenge other findings and conclusions. However, we do not believe that these challenged findings and conclusions are essential to the ALJ's conclusion that the Highway Patrol acted arbitrarily and capriciously. For instance, the Highway Patrol argues that the ALJ impermissibly determined that the Highway Patrol was
 
 required
 
 to follow the directive by the federal judge in Sergeant Owens' criminal case which appears to order the Highway Patrol to allow Sergeant Owens to complete his firearms training. Specifically, the Highway Patrol contends that the federal judge lacked the power to compel the Highway Patrol, a non-party to Sergeant Owens' federal criminal action, to do anything. However, even if the federal judge lacked such power, the Highway Patrol still had the obligation not to act arbitrarily and capriciously when it terminated Sergeant Owens for failure to maintain his credentials.
 

 2. Duty to Mitigate Back Pay
 

 The Highway Patrol next argues that even if Sergeant Owens was improperly terminated on 1 November 2012, the trial court erred in affirming the conclusion of the ALJ that Sergeant Owens was not obligated to mitigate his damages. Specifically, the Highway Patrol contends that Sergeant Owens should not be entitled to back pay and benefits for the
 
 entire
 
 nine months he was separated where he was asked to reapply for his old job five months into his separation (in April 2013) but waited three additional months to do so. The ALJ, however, made certain findings concerning this issue which support its conclusion that Sergeant Owens was entitled to the benefits for the entire nine months. For instance, the ALJ determined that the Highway Patrol failed to meet its burden to prove that the Highway Patrol would have rehired
 
 *239
 
 Sergeant Owens had he applied earlier, noting that the Colonel that replaced Colonel Gilchrist was never called to testify that he would have rehired Sergeant Owens sooner. Further, the ALJ found that the Highway Patrol had sent a form to Sergeant Owens indicating that he would not be rehired if he reapplied, suggesting that it was reasonable for Sergeant Owens to believe, at least for a period of time, that it would have been futile for him to reapply. Accordingly, the ALJ concluded that the Highway Patrol failed to meet its burden to show that Sergeant Owens failed to mitigate. Though the Highway Patrol points to evidence which tends to support an alternate conclusion, we hold that the ALJ's findings are supported by the record. This argument is overruled.
 

 IV. Conclusion
 

 Regarding Sergeant Owens' cross-appeal, we hold that the superior court had personal jurisdiction over Sergeant Owens and, therefore, overrule his arguments on his cross-appeal. Regarding the Highway Patrol's appeal, we affirm the orders of the trial court affirming the order of the ALJ.
 

 AFFIRMED.
 

 Judges HUNTER, JR., and DIETZ concur.
 

 [1]
 

 The Administrative Code states that an employee is "unavailable" when he is unable "to return to all of the position's essential duties" due to sickness or "other extenuating circumstances[.]" 25 NCAC 01C.1007(d)(1)(b). Here, the ALJ essentially found that Colonel Gilchrist felt that the Highway Patrol simply could not continue to wait beyond the twenty-three (23) months it had given Sergeant Owens to work out his legal problems and that the Highway Patrol needed someone working as a District Sergeant. However, the ALJ determined that Colonel Gilchrist failed to fully comply with the rule concerning unavailability which states, in part, that "[a]n employee may be separated on the basis of unavailability when the employee remains unavailable for work
 
 after all applicable leave credits and leave benefits have been exhausted
 
 [.]" 25 NCAC 01C.1007(a). Here, the ALJ determined-and the Highway Patrol appears to concede-that Sergeant Owens still had unexhausted leave credits and leave benefits when he was terminated.