BERGER, Judge.
 

 *345
 
 Rowu Cortez Gunter, by and through his guardian ad litem, and his father, Rowu Gunter, ("Plaintiffs") appeal from an interlocutory order that compels the disclosure of the date on which they first contacted their attorney before the commencement of this litigation. Plaintiffs argue that this date being sought through pre-trial discovery is protected by attorney-client privilege, and they cannot, therefore, be compelled to disclose it. We disagree.
 

 Factual and Procedural Background
 

 On June 23, 2015, Plaintiffs were driving west on Waughtown Street in Winston Salem, North Carolina at that same time that David and Larissa Maher ("Defendants") were driving east on Waughtown Street. Defendants began a left-hand turn into a private driveway and collided with Plaintiffs' vehicle.
 

 As a result of this collision, Plaintiffs filed a complaint on July 12, 2017 against Defendants asserting negligence claims and seeking damages for their injuries. Defendants answered the complaint and also served their first set of interrogatories on Plaintiffs on September 20, 2017. In this set of interrogatories, number 24 asked that Plaintiffs "[s]tate the date when you first contacted an attorney after the accident referenced in the complaint. Please note that this request is being made pursuant to the case of
 
 Blackmon v. Bumgardner
 
 ,
 
 135 N.C. App. 125
 
 [
 
 519 S.E.2d 335
 
 ] (1999)." Plaintiffs responded to Defendants' interrogatories on October 31, 2017 but objected to number 24 on attorney-client privilege grounds.
 

 Plaintiffs filed an amended complaint on November 13, 2017, and Defendants filed their amended answer on November 14, 2017. Defendants then filed a motion to compel on November 20, 2017 asking the trial court to order Plaintiffs to fully respond to their discovery requests. Plaintiffs responded to Defendant's motion on December 14, 2017.
 

 The trial court granted Defendants' motion to compel in an order filed January 4, 2018 that required Plaintiffs to "provide the date when Plaintiff first contacted an attorney after the accident referenced in the complaint within 20 days of the entry of this order." On January 23, 2018, Plaintiffs filed their notice of appeal of the order to compel. On January 31, 2018, Plaintiffs filed a motion to stay the case with the trial court
 
 *346
 
 pending the outcome of this appeal. The trial court granted the stay on February 26, 2018.
 

 Analysis
 

 I.
 
 Interlocutory Appeal
 

 As an initial matter, we note that Plaintiffs' appeal is interlocutory.
 

 An order is either interlocutory or the final determination of the rights of the parties .... An appeal is interlocutory when noticed from an order entered during the
 
 *560
 
 pendency of an action, which does not dispose of the entire case and where the trial court must take further action in order to finally determine the rights of all parties involved in the controversy.
 

 Beroth Oil Co. v. N.C. Dep't of Transp.,
 
 --- N.C. App. ----, ----,
 
 808 S.E.2d 488
 
 , 496 (2017) (citations and quotation marks omitted).
 

 "An interlocutory appeal is ordinarily permissible only if (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review."
 
 Boyd v. Robeson Cnty.
 
 ,
 
 169 N.C. App. 460
 
 , 464,
 
 621 S.E.2d 1
 
 , 4 (2005) (citation omitted). A substantial right is "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a person is entitled to have preserved and protected by law: a material right."
 
 Sharpe v. Worland,
 

 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (
 
 purgandum
 

 [1]
 
 ).
 

 "An order compelling discovery is interlocutory in nature and is usually not immediately appealable because such orders generally do not affect a substantial right."
 
 Sessions v. Sloane
 
 , --- N.C. App. ----, ----,
 
 789 S.E.2d 844
 
 , 853 (2016). However, when "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right."
 
 Sharpe
 
 ,
 
 351 N.C. at 166
 
 ,
 
 522 S.E.2d at 581
 
 .
 

 *347
 
 Plaintiffs' appeal of the order compelling discovery is interlocutory in nature and, usually, would not be immediately appealable. However, the assertion that an order will violate a statutory privilege is generally sufficient to show that an order affects a substantial right and should be immediately reviewed by this Court. Here, Plaintiffs have alleged that attorney-client privilege protects the disclosure being compelled by the trial court's order, and this allegation is sufficient for us to undertake interlocutory review. However, the merits of Plaintiffs' argument is untenable because North Carolina's case law is clear. Nevertheless, we will review the merits of Plaintiffs' appeal to strengthen the clear precedent that the date in which a party initially seeks counsel is not information protected by attorney-client privilege. In doing so, we affirm the trial court's order granting Defendants' motion to compel.
 

 II.
 
 Attorney-Client Privilege
 

 Plaintiffs argue that, in its order compelling disclosure of the date on which Plaintiffs first contacted counsel, the trial court erred because that information is protected by attorney-client privilege. We disagree.
 

 Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion. We also review the trial courts' application ... of attorney-client privilege under an abuse of discretion standard. Under an abuse of discretion standard, this Court may only disturb a trial court's ruling if it was manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.
 

 Sessions
 
 , --- N.C. App. at ----,
 
 789 S.E.2d at 853-54
 
 (citations and quotation marks omitted). "When the trial court acts within its discretion, this Court may not substitute its own judgment for that of the trial court."
 
 Isom v. Bank of Am., N.A.,
 

 177 N.C. App. 406
 
 , 410,
 
 628 S.E.2d 458
 
 , 461 (2006) (citation and quotation marks omitted).
 

 The attorney-client privilege protects communications if: "(1) the relation of attorney and client existed at the time the communication was made, (2) the communication
 
 *561
 
 was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) the client has not waived the privilege."
 

 *348
 

 Id
 
 . at 411,
 
 628 S.E.2d at 462
 
 (quoting
 
 State v. Murvin
 
 ,
 
 304 N.C. 523
 
 , 531,
 
 284 S.E.2d 289
 
 , 294 (1981) ). "If any one of these five elements is not present in any portion of an attorney-client communication, that portion of the communication is not privileged."
 
 Brown v. Am. Partners Fed. Credit Union
 
 ,
 
 183 N.C. App. 529
 
 , 534,
 
 645 S.E.2d 117
 
 , 121 (2007) (citation and quotation marks omitted). "The burden is always on the party asserting the privilege to demonstrate each of its essential elements."
 
 Id
 
 . (citation and quotation marks omitted). "This burden may not be met by mere conclusory ... assertions. ... Rather, sufficient evidence must be adduced ... to establish the privilege with respect to each disputed item."
 

 Id.
 

 (
 
 purgandum
 
 ).
 

 It is well established that the substance of communications between attorney and client is privileged under proper circumstances. Not all facts pertaining to the lawyer-client relationship are privileged, however. The authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence. Thus the identity of a client or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client. We are of the opinion that the fact that an attorney did communicate with his client in a certain manner on a certain date is likewise not normally privileged information. It is the substance of the attorney-client communication which is protected, however, not the fact that there have been communications.
 

 Blackmon v. Bumgardner
 
 ,
 
 135 N.C. App. 125
 
 , 141,
 
 519 S.E.2d 335
 
 , 344-45 (1999) (citing
 
 State v. Tate
 
 ,
 
 294 N.C. 189
 
 , 192-93,
 
 239 S.E.2d 821
 
 , 824-25 (1978) ) (
 
 purgandum
 
 ). Therefore, "the attorney-client privilege is not violated when an attorney questions the plaintiff concerning whether she had communications with an attorney on a particular date, as long as such questioning does not probe the substance of the client's conversation with her attorney."
 
 Williams v. McCoy
 
 ,
 
 145 N.C. App. 111
 
 , 114,
 
 550 S.E.2d 796
 
 , 799 (2001) (citing
 
 Tate
 
 ,
 
 294 N.C. at 192-93
 
 ,
 
 239 S.E.2d at 824-25
 
 (1978) ;
 
 see
 

 Blackmon
 
 ,
 
 135 N.C. App. at 141
 
 ,
 
 519 S.E.2d at 344-45
 
 .
 

 Here, Plaintiffs assert that the date on which legal counsel was initially sought is substantive and therefore protected by attorney-client privilege. To that end, Plaintiffs have made several tangential arguments ostensibly supported by law from other jurisdictions, and they also
 
 *349
 
 conflate what has been clearly defined as protected, privileged communications with the facts of this case. The date on which a communication took place is not equivalent to the substance of that communication. Essentially, Plaintiff asks that "we undertake the task of fitting a square peg into a round hole."
 
 English v. Harris Clay Co.
 
 ,
 
 225 N.C. 467
 
 , 470,
 
 35 S.E.2d 329
 
 , 331 (1945). This we will not do.
 

 As stated in
 
 Blackmon v. Bumgardner
 
 , the date on which a party initiates their attorney-client relationship is not a substantive communication to which the protections of attorney-client privilege apply.
 
 Blackmon
 
 ,
 
 135 N.C. App. at 141
 
 ,
 
 519 S.E.2d at 344-45
 
 . Plaintiffs are unable to carry their burden to show that the date in question was a communication to an attorney, made in confidence, that related to the matter about which their attorney was being professionally consulted, and made in the course of giving or seeking legal advice. The attorney-client privilege is not violated by the compelled disclosure of the particular date on which legal counsel is first sought, as long as the substance of that conversation between a client and his or her attorney is not part of the required disclosure.
 

 Conclusion
 

 We affirm the order of the trial court compelling the disclosure of the date on which Plaintiffs first sought legal counsel
 
 *562
 
 because this information is not protected by attorney-client privilege.
 

 AFFIRMED.
 

 Judges ZACHARY and HAMPSON concur.
 

 [1]
 

 Our shortening of the Latin phrase "
 
 Lex purgandum est.
 
 " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use
 
 purgandum
 
 to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.