IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-486

No. COA21-97

Filed 21 September 2021

Wake County, No. 20 CVS 10656

AETNA BETTER HEALTH OF NORTH CAROLINA, INC., Petitioner,

NORTH CAROLINA PROVIDER OWNED PLANS, INC., d/b/a MY HEALTH by HEALTH PROVIDERS, Intervenor,

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent,

and

WELLCARE OF NORTH CAROLINA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, AMERIHEALTH CARITAS NORTH CAROLINA, INC., UNITEDHEALTHCARE OF NORTH CAROLINA, INC., and CAROLINA COMPLETE HEALTH, INC., Respondents-Intervenors.

Appeal by petitioner from order entered 18 November 2020 by Judge Keith O. Gregory in Wake County Superior Court. Heard in the Court of Appeals 26 May 2021.

*Hedrick Gardner Kincheloe & Garofalo LLP, by Patricia P. Shields, Linda Stephens, M. Duane Jones, and Tatiana M. Terry; Hunton Andrews Kurth LLP by Nash Long and Kevin J. Cosgrove; Hahn Loeser & Parks LLP by Marc J. Kessler and E. Sean Medina, for Petitioner-Appellant Aetna Better Health of North Carolina, Inc.*

*Haynsworth Sinkler Boyd, P.A., by Robert Y. Knowlton, Elizabeth H. Black, Boyd B. Nicholson, Jr.; and Attorney General Joshua H. Stein, by Special Deputy Attorney General Colleen M. Crowley, and Special Deputy Attorney*

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

*General John R. Green, Jr. for Respondent-Appellee North Carolina Department of Health and Human Services.*

*Alexander Ricks PLLC, by Rodney E. Alexander and Mary K. Mandeville, and Mayer Brown, LLP, by Rodger V. Abbot, Luke Levasseur, and Marcia G. Madesen, for Respondent-Intervenor-Appellee AmeriHealth Caritas of North Carolina, Inc.*

*Brooks, Pierce, McLendon, Humphry & Leonard, LLP, by Jennifer K. Van Zant, Jessica Thaller-Moran, and Eric F. Fletcher, for Respondent-Intervenor-Appellee Blue Cross and Blue Shield of North Carolina.*

*Wyrick Robbins Yates & Ponton, LLP, by Lee M. Whitman, Paul J. Puryear, Jr., for Respondent-Intervenor-Appellee Carolina Complete Health, Inc.*

*Alston & Bird LLP, by Jessica L. Sharron; and Tharrington Smith LLP, by F. Hill Allen and Colin Shive, for Respondent-Intervenor-Appellee UnitedHealthcare of North Carolina, Inc.*

*Morningstar Law Group, by Shannon R. Joseph; and Holland & Knight, by Karen D. Walker, for Respondent-Intervenor-Appellee Wellcare of North Carolina, Inc.*

*Parker Poe Adams & Bernstein LLP, by Matthew W. Wolfe, Robert A. Leandro, and Melanie Black Dubis, for Respondent-Intervenor-Appellee North Carolina Provider Owned Plans, Inc. d/b/a My Health by Health Providers.*

TYSON, Judge.

Aetna Better Health of North Carolina, Inc. ("Aetna") appeals from an order entered dismissing their petition for lack of subject matter jurisdiction and denying their motion for an extension of time for service of process. We affirm.

## I.    Background

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

¶ 2         The North Carolina Department of Health and Human Services ("DHHS") is responsible for overseeing and operating North Carolina's Medicaid plan. DHHS is transitioning North Carolina's Medicaid delivery system from a fee-for-service model to a managed care model operated by Prepaid Health Plans, pursuant to North Carolina's Medicaid Transformation Act. S.L. 2015-245; *see* N.C. Gen. Stat. § 122C-115(e) (2019). This Act directed DHHS to develop a request for proposals to award prepaid health contracts. S.L. 2015-245, § 4. In 2018, DHHS formed an evaluation committee ("Committee") to review and score proposals.

¶ 3         Aetna is a managed-care provider, one of eight entities who submitted proposals for Medicaid managed-care services. The Committee issued its recommendations on 24 January 2019, which identified four statewide contracts for Medicaid managed care services to be awarded. On 4 February 2019, DHHS awarded contracts to WellCare of North Carolina, Inc. ("Wellcare"), Blue Cross and Blue Shield of North Carolina ("BCBS"), AmeriHealth Caritas of North Carolina ("AmeriHealth"), and UnitedHealthcare of North Carolina, Inc. ("United Healthcare"). DHHS also awarded a regional contract to Carolina Complete Health, Inc. ("CCH") (collectively "Intervenors").

¶ 4         Aetna, along with the two other entities who were not awarded contracts, protested DHHS' contract and award decisions by filing contested case petitions in the Office of Administrative Hearings ("OAH"). Aetna filed its contested case petition

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

and motion for preliminary injunction on 16 April 2019. The Administrative Law Judge ("ALJ") denied Aetna's motion for preliminary injunction on 26 June 2019. The ALJ consolidated all three petitions on 26 July 2019.

¶ 5    The ALJ entered an order on 9 September 2020 granting DHHS' motion for summary judgment of all claims. The decision included a "notice of appeal," paragraph which provides:

> [u]nder the provisions of North Carolina General Statute § 150B-45, any party wishing to appeal the final decision of the Administrative Law Judge must file a Petition for Judicial Review in the Superior Court of the county where the person aggrieved by the administrative decision resides . . . . **The appealing party must file the petition within 30 days after being served with a written copy of the Administrative Law Judge's Final Decision**. . . N.C. Gen. Stat. § 150B-46 describes the contents of the Petition and requires service of the Petition on all Parties.

¶ 6    Aetna timely filed its Petition for Judicial Review in superior court on 23 September 2020. The remaining companies not receiving an offer also filed a Petition for Judicial Review. Aetna served its Petition on counsel of record in the proceedings. Aetna filed a notice of Petition with the OAH, which transmitted notice to all counsel of record.

¶ 7    Aetna failed to serve a copy of its Petition on DHHS' designated service of process agent, Lisa Granberry Corbett or any member of her office as required, pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(4) (2019). On 8 October 2020,

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

Intervenors and DHHS filed motions to dismiss and served them on Aetna the same day. On 12 October 2020 at 9:00 a.m., Aetna personally served Corbett. At 10:18 a.m. the same day, Aetna filed an amended Petition for Judicial Review and personally served Corbett at 10:30 a.m.

On 13 October 2020, Aetna moved for an extension of time to serve its Petition for Judicial Review and served the amended Petition for Judicial Review on Intervenors' counsel. The superior court heard the motions to dismiss on 9 November 2020, denied Aetna's request for an extension of time for service of process, and granted DHHS' and Intervenors' motions to dismiss for lack of jurisdiction by order entered 23 November 2020. Aetna appeals.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

## III.    Issues

Aetna raises four arguments in their brief. We consolidate and restructure their arguments as follows, whether the superior court erred by: (1) granting DHHS' and Intervenors' motion to dismiss; and, (2) denying Aetna's motion to extend the time for service.

## IV.    Motion to Dismiss

Aetna argues the superior court erred by granting DHHS' and Intervenors' motion to dismiss.

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

## A. Standard of Review

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

## B. Analysis

### 1. Controlling Statutes

Our Supreme Court has held: "No appeal lies from an order or decision of an administrative agency of the State or from judgments of special statutory tribunals whose proceedings are not according to the course of the common law, unless the right is granted by statute." *Empire Power Co. v. N.C. Dep't of Env't, Health & Nat. Res.*, 337 N.C. 569, 586, 447 S.E.2d 768, 778 (1994) (citations omitted).

"[B]ecause the right to appeal to an administrative agency is granted [only] by statute, compliance with statutory provisions is necessary to sustain the appeal." *Gummels v. N.C. Dep't of Human Resources*, 98 N.C. App. 675, 677, 392 S.E.2d 113, 114 (1990) (citation omitted). Aetna has the right to appeal pursuant to N.C. Gen. Stat. § 150B-43 (2019).

N.C. Gen. Stat. § 150B-45(a) articulates the filing requirement for judicial review in the superior court: "the person seeking review *must file a petition within 30 days* after the person is served with a written copy of the decision. . . in the county

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

where the contested case which resulted in the final decision was filed." N.C. Gen. Stat. § 150B-45(a) (2019) (emphasis supplied). N.C. Gen. Stat. § 150B-46 provides the mandatory service requirement: "Within 10 days after the petition is filed with the court, the party seeking the review *shall serve copies of the petition* by personal service or by certified mail *upon all who were parties of record* to the administrative proceedings." N.C. Gen. Stat. § 150B-46 (2019) (emphasis supplied).

¶ 16 Here, Aetna failed to timely serve DHHS or any other party within the "10 days after the petition is filed" as is mandated by N.C. Gen. Stat. § 150B-46. Prior to serving DHHS, Aetna amended its Petition on 12 October 2020 and served its amended Petition the same day. Aetna argues "the relation-back provision of Rule 15(c) allows the service of an amended pleading where the original pleading was not properly served."

### 2. *Rone v. Winston-Salem/Forsyth Cnty Bd. of Educ.*

¶ 17 Aetna cites *Rone v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 207 N.C. App. 624, 701 S.E.2d 284, 289 (2010) for the proposition Rule 15 allows a petition to be amended. *Rone* is not controlling as the pleading therein was *amended after service was timely completed* pursuant to N.C. Gen. Stat. § 150B-46. *Id.*

¶ 18 To allow Rule 15 to control timeliness of service, when a party did not complete service pursuant to N.C. Gen. § 150B-46, would contravene our prior precedents and the legislative intent, and could lead to gamesmanship to overcome dilatory lapses.

AETNA BETTER HEALTH OF N.C. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

N.C. Gen. Stat. § 150B-46; *Gummels*, 98 N.C. App. at 677, 392 S.E.2d at 114. Rule 15 applies "to all proceedings in superior court *except when a differing procedure is prescribed by statute.*" N.C. Gen. Stat. §1A-1, Rule 1 (2019) (emphasis supplied).

### 3. *Statutory Construction*

¶ 19        In determining the application of N.C. Gen. Stat. § 150B-46 of the Administrative Procedures Act and Rule 15 of the Rules of Civil Procedure, we are guided by several principles of statutory construction. "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). "The best indicia of that intent are the [plain] language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation omitted).

¶ 20        "When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (alteration, citation and internal quotation marks omitted). "Statutes *in pari materia* must be read in context with each other." *Cedar Creek Enters. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976).

AETNA BETTER HEALTH OF N.C. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

¶ 21 Further, "where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control[.]" *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (citations omitted).

¶ 22 Aetna's arguments would effectively nullify N.C. Gen. Stat. § 150B-46. Aetna's amended Petition for Judicial Review did not assert additional or amend any causes of action. It was "amended" merely in an attempt to avoid the strict application of N.C. Gen. Stat. § 150B-46. Aetna's argument is overruled.

### V.  Motion for Extension of Time for Service

¶ 23 Aetna argues the trial court abused its discretion in denying its motion for an extension to serve the petition.

### A. Standard of Review

¶ 24 The determination of whether good cause exists to extend the time for service rests within the sound discretion of the superior court. *N.C. Dep't of Pub. Safety v. Owens*, 245 N.C. App. 230, 232-233, 782 S.E.2d 337, 339 (2016). When we review for an abuse of discretion, this Court cannot reverse the trial court's decision unless the appellant shows the decision was "manifestly unsupported by reason" or was "so arbitrary that it could not have been the result of a reasoned decision." *Atkins v. Mortenson*, 183 N.C. App. 625, 628, 644 S.E.2d 625, 628 (2007) (citation omitted).

### B. Analysis

AETNA BETTER HEALTH OF N.C. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

¶ 25        "[U]nlike [N.C. Gen. Stat.] § 150B-45 which allows the superior court [discretion] to grant additional time for the *filing* of the petition, there is no express provision in G.S. 150B-46 which authorizes the superior court to extend the time for *serving* the petition." *Owens*, 245 N.C. App. at 233, 782 S.E.2d at 339 (emphasis supplied). Nevertheless, to avoid a potential "harsh result" arising from the timely filing but untimely service of a Petition, this Court has held "the superior court has the authority to grant an extension in time, for good cause shown, to a party to serve the petition beyond the ten days provided for under G.S. 150B-46." *Id.* at 234, 782 S.E.2d at 340.

¶ 26        Here, the superior court's good cause evaluation was supported by reason and was not arbitrary. The trial court's order contains a lengthy analysis of good cause. Aetna argued the parties had an agreement to serve each other through counsel by email, the opposing parties had misled Aetna and had "unclean hands," and "sought to engineer a situation in which Aetna's petition would be dismissed for this minor service defect."

¶ 27        The superior court did not find these assertions credible. The superior court acknowledged Aetna claimed, "it did not accomplish proper service because of an alleged 'agreement' for all pleadings [to be served] upon counsel *via* email upon filing." The superior court explicitly rejected these assertions and found, "there was no such agreement" and "with respect to this judicial review proceeding in particular,

AETNA BETTER HEALTH OF N.C. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

there was no evidence or argument that the Department or any other party agreed to waive the statutory service requirements necessary to vest jurisdiction in the superior court for a petition for judicial review."

The superior court clearly determined Aetna had accused the opposing parties of procedural gamesmanship, rather than acknowledging a procedural mistake during service and asking the court to excuse that mistake "for good cause shown." *Id.* at 232, 782 S.E.2d at 339. The court concluded, although little evidence showed that the untimely service had caused any prejudice for the other parties, Aetna had not demonstrated good cause for the court to extend the otherwise mandatory deadline. *Id.*

When "the trial court acts within its discretion, this Court may not substitute its own judgment for that of the trial court." *Gunter v. Maher*, 264 N.C. App. 344, 347, 826 S.E.2d 557, 560 (2019). The trial court's decision was not arbitrary. It was a reasoned decision rendered after careful evaluation of the parties' competing positions. In particular, Aetna failed to simply "own up" to a critical mistake in perfecting mandatory service of its Petition for Judicial Review on opposing parties. Aetna has shown no abuse of discretion in the superior court's good cause determination. *Id.* Aetna's argument is overruled.

## VI.  Conclusion

For seventy years, our Supreme Court has held: "There can be no appeal from

AETNA BETTER HEALTH OF N.C. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2021-NCCOA-486

*Opinion of the Court*

the decision of an administrative agency except pursuant to specific statutory provision therefor. Obviously then, the *appeal must conform to the statute granting the right* and regulating the procedure." *In re State ex. rel. Emp't Sec. Comm'n*, 234 N.C. 651, 653, 68 S.E.2d 311, 312 (1951) (citations and internal quotation marks omitted) (emphasis supplied).

¶ 31    Our Supreme Court has further held: "The statutory requirements are *mandatory and not directory*. They are conditions precedent to obtaining a review by the courts and [which] must be observed. *Noncompliance therewith requires dismissal.*" *Id.* (emphasis supplied) (citations and internal quotation marks omitted).

¶ 32    "[T]he service requirements are jurisdictional, and the superior court did not err in dismissing the petition where [a party] . . . was not properly served." *Isenberg v. N.C. DOC*, 241 N.C. App. 68, 73, 772 S.E.2d 97, 100 (2015). The superior court did not err in granting DHHS' motion to dismiss nor abuse its discretion in denying Aetna's motion to extend the time for service of process "for good cause." The superior court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges DIETZ and WOOD concur.