KENNETH P. GUMMELS, AND ALAN McGINNIS D/B/A HUNTINGTON MANOR OF MURPHY, PETITIONER v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT, AND EVANGELINE OF ANDREWS, INC., RESPONDENT-INTERVENOR

No. 8930SC992

(Filed 5 June 1990)

**Administrative Law and Procedure § 30 (NCI4th); Hospitals § 2.1 (NCI3d) — certificate of need — petition for contested case hearing — timely mailed — received late — not timely filed**

A petition for a contested case hearing arising from the issuance of a certificate of need for nursing home beds was not timely filed with the Office of Administrative Hearings where it is undisputed that the thirty day deadline for filing the petition was 5 July 1988; the petition was mailed on 1 July 1988; and it was not received by the OAH until 6 July 1988. The language of N.C.G.S. § 131E-188(a) leaves no room for judicial construction; the statute clearly contemplates that a petition for a contested case hearing must be filed, not mailed or served, with the OAH within the thirty day deadline.

**Am Jur 2d, Administrative Law §§ 357, 359, 360.**

APPEAL by petitioner from order entered 13 April 1989 by *Judge James U. Downs* in CHEROKEE County Superior Court. Heard in the Court of Appeals 15 March 1990.

On 3 June 1988 the N.C. Department of Human Resources, Division of Facility Services in the Certificate of Need Section

(the "Department"), issued a certificate of need (CON) awarding sixty nursing home beds to Evangeline of Andrews, Inc. Petitioner had previously attempted to apply for a CON for the same beds. Because petitioner missed the deadline for filing its application to be considered for a CON, its application was not considered by the Department. In July 1988 petitioner attempted to file a petition with the Office of Administrative Hearings (OAH) seeking a contested case hearing concerning the Department's decision to award the nursing home beds to Evangeline. On 1 July 1988 petitioner placed the petition in the U.S. Mail. The petition was filed in the OAH on 6 July 1988. On 3 August 1988 petitioner deposited a fifty-thousand dollar bond with the Cherokee County Superior Court. On 5 August 1988, an administrative law judge (ALJ) entered an order dismissing petitioner's petition for a contested case hearing. From that order, petitioner appealed to the Superior Court of Cherokee County. Respondents' motions to dismiss petitioner's appeal in Cherokee County Superior Court for lack of subject matter jurisdiction were denied on 29 January 1989. On 22 March 1989 the trial court affirmed the administrative law judge's order dismissing petitioner's petition for a contested case hearing. From this order petitioner appeals. Respondents cross-appeal from the denial of their motions to dismiss.

*Harrell & Leake, by Larry Leake, for petitioner-appellant Huntington Manor of Murphy.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James A. Wellons, for respondent-appellee North Carolina Department of Human Resources.*

*Bode, Call & Green, by Robert V. Bode and Diana E. Ricketts, for respondent-intervenor.*

WELLS, Judge.

We first note that in their cross-appeal respondents have asserted that the Superior Court of Cherokee County lacked subject matter jurisdiction to hear petitioner's appeal from the decision of the ALJ, contending that under the facts of the case, such an appeal was required to be filed in the Superior Court of Wake County. Without deciding the issue raised by respondents' cross-appeal, we assume for the purposes of our review that appeal of the ALJ's decision to the Superior Court of Cherokee County was proper in this case.

Petitioner argues that the trial court erred by affirming the ALJ's order dismissing its petition for a contested case hearing. The petition was dismissed on grounds that neither the petition nor the fifty-thousand dollar bond, which is a condition precedent to proceeding with a contested case hearing, was timely filed.

Petitioner contends that because the petition was placed with postage paid in the U. S. Mail prior to the filing deadline, it was timely filed. Petitioner in effect argues that the petition was filed when mailed, rather than when it was received by the agency. For the following reasons, we disagree.

Administrative and judicial review of a decision of the Department of Human Resources to issue, deny or withdraw a certificate of need or exemption is governed by N.C. Gen. Stat. § 131E-188 (1988), which in pertinent part provides:

(a) . . . A petition for a contested case shall be filed within 30 days after the Department makes its decision. . . .

G.S. § 131E-188(a). Pursuant to N.C. Gen. Stat. § 150B-23 (1987) the petition is to be filed with the OAH.

Our courts have traditionally acknowledged the rule of statutory construction that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must adhere to its plain and definite meaning. *Lemons v. Boy Scouts of America, Inc.*, 322 N.C. 271, 367 S.E.2d 655, *rehearing denied*, 322 N.C. 610, 370 S.E.2d 247 (1988). In addition, because the right to appeal to an administrative agency is granted by statute, compliance with statutory provisions is necessary to sustain the appeal. *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 375 S.E.2d 712 (1989) (upholding DHR's dismissal of employee grievance appeal because it was filed one day late). *See also Smith v. Daniels Int'l*, 64 N.C. App. 381, 307 S.E.2d 434 (1983) (notice of appeal filed two days after statutory deadline; appeal properly dismissed). Finally, in administrative as well as judicial proceedings, there is a clear distinction between "filing" and "serving" a petition or other document. For example, the administrative code defines "file or filing" as:

. . . to place the paper or item to be filed into the care and custody of the Chief Hearings Clerk of the Office of Administrative Hearings, and acceptance thereof by him, except

that the administrative law judge shall note thereon the filing date. . . .

26 N.C. Administrative Code 3.0002(a)(2). "Service or serve" is defined as:

> . . . personal delivery or, . . . delivery by first class United States Postal Service mail or a licensed overnight express mail service, postage prepaid and addressed to the party at his or her last known address. . . . Service by mail or licensed overnight express mail is complete upon placing the item to be served, . . . in an official depository of the United States Postal Service or upon delivery, . . . to an agent of the overnight express mail service.

26 N.C.A.C. 3.0002(a)(3). *See also* N.C. Gen. Stat. § 1A-1, Rule 5(b), (d), and (e) of the N.C. Rules of Civil Procedure (1983 & Supp. 1989) (service by mail is complete upon depositing the pleading in a post office depository; in contrast, filing means "filed with the court" either by filing with the clerk or the judge) and Rule 26 of the N.C. Rules of Appellate Procedure ("filing may be accomplished by mail addressed to the clerk but is not timely unless the papers are received by the clerk within the time fixed for filing . . .").

The language of G.S. § 131E-188(a) leaves no room for judicial construction. The statute clearly contemplates that a petition for a contested case hearing must be filed — not mailed or served — with the OAH within the 30-day deadline. It is undisputed that the 30-day deadline in this case was July 5, 1988. It is also undisputed that the petition was mailed on July 1, 1988; however, it was not filed with the OAH until July 6, 1988. Depositing the petition in the mail did not satisfy the filing requirement of G.S. § 131E-188(a). Petitioner's petition was filed after the statutory deadline. Petitioner bears the responsibility of filing its petition with the OAH on or before the requisite date. Petitioner failed to comply with the mandatory requirement for timely filing of its petition for a contested case hearing. Therefore, the trial court properly affirmed the decision of the ALJ to dismiss the petition.

In his remaining assignment of error petitioner contends that although his cash bond was filed one month after his petition for a contested case hearing, it was nevertheless timely. Because we

affirm the trial court's order for the reasons stated above, we need not reach this assignment of error.

Affirmed.

Judges EAGLES and GREENE concur.