IN THE MATTER OF: APPEALS OF: Louisiana Pacific Corporation from the decisions of the Wilkes County Board of Equalization and Review

No. COA10-500

(Filed 7 December 2010)

**Jurisdiction— subject matter jurisdiction—notice of appeal not timely**

> The North Carolina Property Tax Commission (Commission) lacked subject matter jurisdiction to consider taxpayer's appeal from the decisions of the Wilkes County Board of Equalization and Review regarding the valuation of taxpayer's property because taxpayer did not file timely notice of appeal to the Commission.

Appeal by Wilkes County from order entered 22 January 2010 by the Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 28 October 2010.

*Vannoy, Colvard, Triplett & Vannoy, P.L.L.C., by Anthony R. Triplett, for the County.*

*Bell, Davis & Pitt, P.A., by John A. Cocklereece, Jr., D. Anderson Carmen, and Justin M. Hardy, for the taxpayer.*

ELMORE, Judge.

Wilkes County (County) appeals an order by the North Carolina Property Tax Commission (Commission) granting Louisiana Pacific Corporation (taxpayer) a new hearing regarding the valuation of the taxpayer's real and business personal property in Wilkes County. The County makes only one argument on appeal: The Commission lacked subject matter jurisdiction to consider the taxpayer's appeal because the taxpayer did not file timely notices of appeal to the Commission from the decisions of the Wilkes County Board of Equalization and Review (County Board). After careful consideration, we reverse the order of the Commission.

On 4 September 2009, the County's Board of Equalization and Review (BER) sent a letter to the taxpayer's agent, Gene Acuff, rendering a decision in the taxpayer's appeal from the County's valuation of the taxpayer's property.[1] The letter stated that further appeal from

---

1. The underlying merits of this case are not before us on appeal, and we express no opinion as to the proper valuation of the taxpayer's real and business personal property.

IN RE APPEAL OF LA. PAC. CORP.

[208 N.C. App. 457 (2010)]

the decision could be made to the Commission, but that "[a]ppeals to the Property Tax Commission must be received by them no later than **thirty (30) days** from the date of this notice.". (Emphasis in original.) On 21 October 2009, the Commission received the taxpayer's notice of appeal from the 4 September 2009 decision by the County's BER. The letter is dated 20 October 2009. A few days later, on 23 October 2009, the Commission sent the taxpayer's attorney two letters acknowledging receipt of the taxpayer's notice of appeal. The first letter referenced the taxpayer's business personal property appeal (09 PTC 828), and the second letter referenced the taxpayer's real property appeal (09 PTC 829). The letters are otherwise identical, and, for that reason, we refer to them simply as "the letter." Similarly, all of the letters, motions, and other responses that followed appear in duplicate—one each for the business personal property appeal and the real property appeal; where we refer to plural letters or motions, but only recite language from a single letter or motion, it is because the language in the two communications is identical. We return now to the Commission's 23 October 2009 letter, which included the following paragraphs discussing the possibility that the taxpayer's appeal was untimely:

> Appeals to the Property Tax Commission must be filed (postmarked or received in the Commission's office) within 30 days after the mailing of the decision of the County board. The County's notice to you was apparently mailed on September 4, 2009, and your notice of appeal to the Commission was received October 21, 2009. If the County's notice was, in fact, mailed on September 4, 2009, then the 30-day period for appealing to the Property Tax Commission would have expired on October 4, 2009.

> We are providing this information in order to avoid any misunderstanding in this matter since the Property Tax Commission has no lawful authority to extend the time for filing appeals. Accordingly, if your notice of appeal was not timely filed, and the County moves to dismiss the appeal, the Commission may have no choice but to grant the motion.

The taxpayer responded by letters dated 9 November 2009, which included the following relevant language:

> In your acknowledgment letter to our appeal, you observed that the County's BER decision was apparently mailed on September 4, 2009, that our appeal was not received until October 21, 2009,

IN RE APPEAL OF LA. PAC. CORP.

[208 N.C. App. 457 (2010)]

and that, therefore, the appeal may be untimely. To the best of the taxpayer's determination, it was never given notice of the date of the BER hearing on this matter and, therefore, was not given an opportunity to be heard at the BER. Given this, it is the taxpayer's position that the BER decision was defective, that any purported notice of a decision arising from such hearing is defective, and that the time period for filing an appeal cannot have expired. I believe this defect can be cured by the [Commission] either hearing the case on its merits or sending the case back to the BER for a hearing once proper notice is given.

The taxpayer then applied to the Commission for a hearing on its appeal from the BER's 4 September 2009 decision. The taxpayer set forth five grounds for appeal, two of which are relevant to this appeal:

d. The [BER] held its hearing to determine the matter at issue in this appeal without giving proper and adequate notice to the property owner of the date, time, or location of said hearing.

E. The [BER] issued its decision with respect to the issue in this appeal without giving the property owner an opportunity to come before it and present evidence.

On 12 November 2009, the County moved to dismiss the taxpayer's appeal as untimely. In its motions, the County stated that it had mailed notice of its decision to the taxpayer on 4 September 2009 and that the taxpayer had filed notice of appeal from that decision more than thirty days later. The Commission acknowledged the motions by letter dated 17 November 2009 and informed the parties that it would hear the motions during its January 2010 session. In anticipation of the hearing, set for 13 January 2010, the County's Tax Administrator and Tax Assessor, Alex Hamilton, submitted an affidavit. In that affidavit, Hamilton stated that the BER's decision not to change the taxpayer's real property or business personal property valuations was "duly mailed under date of September 4, 2009," to the taxpayer's agent, Gene Acuff.

On 22 January 2010, the Commission issued its order denying the County's motions to dismiss the taxpayer's appeals for lack of timeliness. The Commission concluded that the taxpayer had shown good cause to "appear before the appropriate County Board for a hearing as to the valuation of the real and business personal property in Wilkes County" and remanded the matter "to the appropriate County

IN RE APPEAL OF LA. PAC. CORP.

[208 N.C. App. 457 (2010)]

Board" for a hearing. The Commission based its conclusions and order on the following findings of fact:

1. The [taxpayer], through counsel, filed notices of appeal to the Commission on October 21, 2009 appealing the September 4, 2009 decisions of the County Board. The appeals were acknowledged as untimely filed by letters dated October 23, 2009.

2. On November 12, 2009, Wilkes County, through counsel, filed a motion to dismiss the appeals for lack of subject matter jurisdiction because the [taxpayer]'s notices of appeal were not timely filed.

3. In his Affidavit, Mr. Gene Acuff states that the [taxpayer] "was never sent a notice of a scheduled Board hearing" and was not given an opportunity to present evidence.

4. The September 4, 2009 decisions are not valid when the county failed to give [taxpayer] notice of the August 20, 2009 hearing in order for the [taxpayer] to appear.

The County now appeals from this order.

The question before us is whether the Commission erred by considering an appeal that was not timely filed. The question is complicated by the taxpayer's claim that it did not receive notice of the hearing that led to the 4 September 2009 BER decision from which it appealed after the statutory time limit. However, the taxpayer does not claim that it did not receive the 4 September 2009 BER decision or that the BER did not send that decision on 4 September 2009. Assuming for the sake of argument that the taxpayer did not receive notice of the 20 August 2009 hearing, does that lack of notice excuse the taxpayer from timely filing its appeal from the 4 September 2009 decision? In a word, no.

General Statute section 105-345.2 "is the controlling judicial review statute for appeals from the Property Tax Commission." *In re McElwee*, 304 N.C. 68, 74, 283 S.E.2d 115, 120 (1981). The statute sets out the following relevant guidelines for reviewing appeals from the Commission:

(b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings;

or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

\* \* \*

(2) In excess of statutory authority or jurisdiction of the Commission; or

\* \* \*

(4) Affected by other errors of law[.]

N.C. Gen. Stat. § 105-345.2(b) (2009). "The statute also provides that we are to review 'the whole record' in determining the foregoing[.]" *MAO/Pines Ass'n v. New Hanover County Bd. of Equalization*, 116 N.C. App. 551, 556, 449 S.E.2d 196, 199 (1994) (citations omitted); *see* N.C. Gen. Stat. § 105-345.2(c) (2009).

General Statute section 105-290 sets out the time limit for appeals from a board of equalization and review to the Property Tax Commission: "Time Limits for Appeals.—A notice of appeal . . . from a board of equalization and review shall be filed with the Property Tax Commission within 30 days after the date the board mailed a notice of its decision to the property owner." N.C. Gen. Stat. § 105-290(e) (2009). "To perfect an appeal from the county board, an appellant must file a written notice of appeal with the clerk of the board of county commissioners and with the Property Tax Commission within 30 days after the county board has mailed notice of its decision pursuant to G.S. 105-322(g)(2)d." *Brock v. North Carolina Property Tax Com.*, 290 N.C. 731, 739, 228 S.E.2d 254, 260 (1976). In *In re Appeal of Bass Income Fund*, this Court affirmed the Commission's order dismissing taxpayers' appeal for lack of jurisdiction because the taxpayer had narrowly missed the thirty-day deadline. 115 N.C. App. 703, 707, 446 S.E.2d 594, 596 (1994). We concluded: "Because taxpayers' notice of appeal was not received by the Commission until after expiration of the 30 day limitation period in G.S. § 105-290(e), therefore, the Commission's determination it was without jurisdiction to entertain taxpayers' appeal is affirmed." *Id.* These cases lead us to the conclusion that the thirty-day "Time Limit for Appeals" set out in § 105-290(e) is jurisdictional. This conclusion is consistent with other cases in which the Courts have held that an appellant's failure to file a timely notice of appeal deprives the reviewing body of jurisdiction. *See Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) ("Failure to give timely

notice of appeal in compliance with [N.C.] G.S. 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed."); *Water Tower Office Assocs. v. Town of Cary Bd. of Adjustment*, 131 N.C. App. 696, 698, 507 S.E.2d 589, 590-91 (1998) (holding that a property owner's untimely appeal from a zoning enforcement officer to the Cary Board of Adjustment under the Cary zoning ordinance deprived the Board of Adjustment of·subject matter jurisdiction to review the property owner's appeal); *Gummels v. N.C. Dept. of Human Resources*, 98 N.C. App. 675, 678, 392 S.E.2d 113, 115 (1990) (holding that a nursing home owner's untimely appeal from a denial of a certificate of need deprived the Office of Administrative Hearings from considering the nursing home owner's appeal). In addition, "because the right to appeal to an administrative agency is granted by statute, compliance with statutory provisions is necessary to sustain the appeal." *Gummels*, 98 N.C. App. at 677, 392 S.E.2d at 114 (citation omitted).

Here, the taxpayer did not perfect its appeal within the statutory guideline. This deprived the reviewing body, the Commission, of jurisdiction to hear the appeal. That the substance of the appeal may have had merit does not render the time limit for appeals inapplicable. Accordingly, the Commission erred by denying the County's motion to dismiss and entertaining the taxpayer's appeal. We reverse the 22 January 2010 order denying the County's motion to dismiss and remand the matter to the Commission for entry of an order granting the County's motion to dismiss for lack of subject matter jurisdiction.

Reversed and remanded.

Judges JACKSON and THIGPEN concur.