IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-486

 No. COA21-97

 Filed 21 September 2021

Wake County, No. 20 CVS 10656

AETNA BETTER HEALTH OF NORTH CAROLINA, INC., Petitioner,

NORTH CAROLINA PROVIDER OWNED PLANS, INC., d/b/a MY HEALTH by
HEALTH PROVIDERS, Intervenor,

 v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent,

and

WELLCARE OF NORTH CAROLINA, INC., BLUE CROSS AND BLUE SHIELD OF
NORTH CAROLINA, AMERIHEALTH CARITAS NORTH CAROLINA, INC.,
UNITEDHEALTHCARE OF NORTH CAROLINA, INC., and CAROLINA
COMPLETE HEALTH, INC., Respondents-Intervenors.

 Appeal by petitioner from order entered 18 November 2020 by Judge Keith O.

Gregory in Wake County Superior Court. Heard in the Court of Appeals 26 May

2021.

 Hedrick Gardner Kincheloe & Garofalo LLP, by Patricia P. Shields, Linda
 Stephens, M. Duane Jones, and Tatiana M. Terry; Hunton Andrews Kurth LLP
 by Nash Long and Kevin J. Cosgrove; Hahn Loeser & Parks LLP by Marc J.
 Kessler and E. Sean Medina, for Petitioner-Appellant Aetna Better Health of
 North Carolina, Inc.

 Haynswoth Sinkler Boyd, P.A., by Robert Y. Knowlton, Elizabeth H. Black,
 Boyd B. Nicholson, Jr.; and Attorney General Joshua H. Stein, by Special
 Deputy Attorney General Collen M. Crowley, and Special Deputy Attorney
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 General John R. Green, Jr. for Respondent-Appellee North Carolina
 Department of Health and Human Services.

 Alexander Ricks PLLC, by Rodney E. Alexander and Mary K. Mandeville, and
 Mayer Brown, LLP, by Rodger V. Abbot, Luke Levasseur, and Marcia G.
 Madesen, for Respondent-Intervenor-Appellee AmeriHealth Caritas of North
 Carolina, Inc.

 Brooks, Pierce, McLendon, Humphry & Leonard, LLP, by Jennifer K. Van Zant,
 Jessica Thaller-Moran, and Eric F. Fletcher, for Respondent-Intervenor-
 Appellee Blue Cross and Blue Shield of North Carolina.

 Wyrick Robbins Yates & Ponton, LLP, by Lee M. Whitman, Paul J. Puryear,
 Jr., for Respondent-Intervenor-Appellee Carolina Complete Health, Inc.

 Alston & Bird LLP, by Jessica L. Sharron; and Tharrington Smith LLP, by F.
 Hill Allen and Colin Shive, for Respondent-Intervenor-Appellee
 UnitedHealthcare of North Carolina, Inc.

 Morningstar Law Group, by Shannon R. Joseph; and Holland & Knight, by
 Karen D. Walker, for Respondent-Intervenor-Appellee Wellcare of North
 Carolina, Inc.

 Parker Poe Adams & Bernstein LLP, by Matthew W. Wolfe, Robert A. Leandro,
 and Melanie Black Dubis, for Respondent-Intervenor-Appellee North Carolina
 Provider Owned Plans, Inc. d/b/a My Health by Health Providers.

 TYSON, Judge.

¶1 Aetna Better Health of North Carolina, Inc. (“Aetna”) appeals from an order

 entered dismissing their petition for lack of subject matter jurisdiction and denying

 their motion for an extension of time for service of process. We affirm.

 I. Background
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

¶2 The North Carolina Department of Health and Human Services (“DHHS”) is

 responsible for overseeing and operating North Carolina’s Medicaid plan. DHHS is

 transitioning North Carolina’s Medicaid delivery system from a fee-for-service model

 to a managed care model operated by Prepaid Health Plans, pursuant to North

 Carolina’s Medicaid Transformation Act. S.L. 2015-245; see N.C. Gen. Stat. § 122C-

 115(e) (2019). This Act directed DHHS to develop a request for proposals to award

 prepaid health contracts. S.L. 2015-245, § 4. In 2018, DHHS formed an evaluation

 committee (“Committee”) to review and score proposals.

¶3 Aetna is a managed-care provider, one of eight entities who submitted

 proposals for Medicaid managed-care services. The Committee issued its

 recommendations on 24 January 2019, which identified four statewide contracts for

 Medicaid managed care services to be awarded. On 4 February 2019, DHHS awarded

 contracts to WellCare of North Carolina, Inc. (“Wellcare”), Blue Cross and Blue Shield

 of North Carolina (“BCBS”), AmeriHealth Caritas of North Carolina (“AmeriHealth”),

 and UnitedHealthcare of North Carolina, Inc. (“United Healthcare”). DHHS also

 awarded a regional contract to Carolina Complete Health, Inc. (“CCH”) (collectively

 “Intervenors”).

¶4 Aetna, along with the two other entities who were not awarded contracts,

 protested DHHS’ contract and award decisions by filing contested case petitions in

 the Office of Administrative Hearings (“OAH”). Aetna filed its contested case petition
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 and motion for preliminary injunction on 16 April 2019. The Administrative Law

 Judge (“ALJ”) denied Aetna’s motion for preliminary injunction on 26 June 2019. The

 ALJ consolidated all three petitions on 26 July 2019.

¶5 The ALJ entered an order on 9 September 2020 granting DHHS’ motion for

 summary judgment of all claims. The decision included a “notice of appeal,”

 paragraph which provides:

 [u]nder the provisions of North Carolina General Statute §
 150B-45, any party wishing to appeal the final decision of
 the Administrative Law Judge must file a Petition for
 Judicial Review in the Superior Court of the county where
 the person aggrieved by the administrative decision resides
 . . . . The appealing party must file the petition within
 30 days after being served with a written copy of the
 Administrative Law Judge’s Final Decision. . . N.C.
 Gen. Stat. § 150B-46 describes the contents of the Petition
 and requires service of the Petition on all Parties.

¶6 Aetna timely filed its Petition for Judicial Review in superior court on 23

 September 2020. The remaining companies not receiving an offer also filed a Petition

 for Judicial Review. Aetna served its Petition on counsel of record in the proceedings.

 Aetna filed a notice of Petition with the OAH, which transmitted notice to all counsel

 of record.

¶7 Aetna failed to serve a copy of its Petition on DHHS’ designated service of

 process agent, Lisa Granberry Corbett or any member of her office as required,

 pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(4) (2019). On 8 October 2020,
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 Intervenors and DHHS filed motions to dismiss and served them on Aetna the same

 day. On 12 October 2020 at 9:00 a.m., Aetna personally served Corbett. At 10:18

 a.m. the same day, Aetna filed an amended Petition for Judicial Review and

 personally served Corbett at 10:30 a.m.

¶8 On 13 October 2020, Aetna moved for an extension of time to serve its Petition

 for Judicial Review and served the amended Petition for Judicial Review on

 Intervenors’ counsel. The superior court heard the motions to dismiss on 9 November

 2020, denied Aetna’s request for an extension of time for service of process, and

 granted DHHS’ and Intervenors’ motions to dismiss for lack of jurisdiction by order

 entered 23 November 2020. Aetna appeals.

 II. Jurisdiction

¶9 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

 III. Issues

¶ 10 Aetna raises four arguments in their brief. We consolidate and restructure

 their arguments as follows, whether the superior court erred by: (1) granting DHHS’

 and Intervenors’ motion to dismiss; and, (2) denying Aetna’s motion to extend the

 time for service.

 IV. Motion to Dismiss

¶ 11 Aetna argues the superior court erred by granting DHHS’ and Intervenors’

 motion to dismiss.
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 A. Standard of Review

¶ 12 “This Court must conduct a de novo review of the pleadings to determine their

 legal sufficiency and to determine whether the trial court’s ruling on the motion to

 dismiss was correct.” Leary v. N.C. Forest Prods., Inc., 157 N.C. App. 396, 400, 580

 S.E.2d 1, 4, aff’d per curiam, 357 N.C. 567, 597 S.E.2d 673 (2003).

 B. Analysis

 1. Controlling Statutes

¶ 13 Our Supreme Court has held: “No appeal lies from an order or decision of an

 administrative agency of the State or from judgments of special statutory tribunals

 whose proceedings are not according to the course of the common law, unless the right

 is granted by statute.” Empire Power Co. v. N.C. Dep’t of Env’t, Health & Nat. Res.,

 337 N.C. 569, 586, 447 S.E.2d 768, 778 (1994) (citations omitted).

¶ 14 “[B]ecause the right to appeal to an administrative agency is granted [only] by

 statute, compliance with statutory provisions is necessary to sustain the appeal.”

 Gummels v. N.C. Dep’t of Human Resources, 98 N.C. App. 675, 677, 392 S.E.2d 113,

 114 (1990) (citation omitted). Aetna has the right to appeal pursuant to N.C. Gen.

 Stat. § 150B-43 (2019).

¶ 15 N.C. Gen. Stat. § 150B-45(a) articulates the filing requirement for judicial

 review in the superior court: “the person seeking review must file a petition within 30

 days after the person is served with a written copy of the decision. . . in the county
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 where the contested case which resulted in the final decision was filed.” N.C. Gen.

 Stat. § 150B-45(a) (2019) (emphasis supplied). N.C. Gen. Stat. § 150B-46 provides

 the mandatory service requirement: “Within 10 days after the petition is filed with

 the court, the party seeking the review shall serve copies of the petition by personal

 service or by certified mail upon all who were parties of record to the administrative

 proceedings.” N.C. Gen. Stat. § 150B-46 (2019) (emphasis supplied).

¶ 16 Here, Aetna failed to timely serve DHHS or any other party within the “10

 days after the petition is filed” as is mandated by N.C. Gen. Stat. § 150B-46. Prior to

 serving DHHS, Aetna amended its Petition on 12 October 2020 and served its

 amended Petition the same day. Aetna argues “the relation-back provision of Rule

 15(c) allows the service of an amended pleading where the original pleading was not

 properly served.”

 2. Rone v. Winston-Salem/Forsyth Cnty Bd. of Educ.

¶ 17 Aetna cites Rone v. Winston-Salem/Forsyth Cnty. Bd. of Educ., 207 N.C. App.

 624, 701 S.E.2d 284, 289 (2010) for the proposition Rule 15 allows a petition to be

 amended. Rone is not controlling as the pleading therein was amended after service

 was timely completed pursuant to N.C. Gen. Stat. § 150B-46. Id.

¶ 18 To allow Rule 15 to control timeliness of service, when a party did not complete

 service pursuant to N.C. Gen. § 150B-46, would contravene our prior precedents and

 the legislative intent, and could lead to gamesmanship to overcome dilatory lapses.
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 N.C. Gen. Stat. § 150B-46; Gummels, 98 N.C. App. at 677, 392 S.E.2d at 114. Rule

 15 applies “to all proceedings in superior court except when a differing procedure is

 prescribed by statute.” N.C. Gen. Stat. §1A-1, Rule 1 (2019) (emphasis supplied).

 3. Statutory Construction

¶ 19 In determining the application of N.C. Gen. Stat. § 150B-46 of the

 Administrative Procedures Act and Rule 15 of the Rules of Civil Procedure, we are

 guided by several principles of statutory construction. “The principal goal of

 statutory construction is to accomplish the legislative intent.” Lenox, Inc. v. Tolson,

 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). “The best indicia of

 that intent are the [plain] language of the statute . . . , the spirit of the act and what

 the act seeks to accomplish.” Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs, 299

 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation omitted).

¶ 20 “When construing legislative provisions, this Court looks first to the plain

 meaning of the words of the statute itself[.]” State v. Ward, 364 N.C. 157, 160, 694

 S.E.2d 729, 731 (2010). “Interpretations that would create a conflict between two or

 more statutes are to be avoided, and statutes should be reconciled with each other

 whenever possible.” Taylor v. Robinson, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291

 (1998) (alteration, citation and internal quotation marks omitted). “Statutes in pari

 materia must be read in context with each other.” Cedar Creek Enters. v. Dep’t of

 Motor Vehicles, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976).
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

¶ 21 Further, “where a literal interpretation of the language of a statute will lead

 to absurd results, or contravene the manifest purpose of the Legislature, as otherwise

 expressed, the reason and purpose of the law shall control[.]” State v. Beck, 359 N.C.

 611, 614, 614 S.E.2d 274, 277 (2005) (citations omitted).

¶ 22 Aetna’s arguments would effectively nullify N.C. Gen. Stat. § 150B-46. Aetna’s

 amended Petition for Judicial Review did not assert additional or amend any causes

 of action. It was “amended” merely in an attempt to avoid the strict application of

 N.C. Gen. Stat. § 150B-46. Aetna’s argument is overruled.

 V. Motion for Extension of Time for Service

¶ 23 Aetna argues the trial court abused its discretion in denying its motion for an

 extension to serve the petition.

 A. Standard of Review

¶ 24 The determination of whether good cause exists to extend the time for service

 rests within the sound discretion of the superior court. N.C. Dep’t of Pub. Safety v.

 Owens, 245 N.C. App. 230, 232-233, 782 S.E.2d 337, 339 (2016). When we review for

 an abuse of discretion, this Court cannot reverse the trial court’s decision unless the

 appellant shows the decision was “manifestly unsupported by reason” or was “so

 arbitrary that it could not have been the result of a reasoned decision.” Atkins v.

 Mortenson, 183 N.C. App. 625, 628, 644 S.E.2d 625, 628 (2007) (citation omitted).

 B. Analysis
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

¶ 25 “[U]nlike [N.C. Gen. Stat.] § 150B-45 which allows the superior court

 [discretion] to grant additional time for the filing of the petition, there is no express

 provision in G.S. 150B-46 which authorizes the superior court to extend the time for

 serving the petition.” Owens, 245 N.C. App. at 233, 782 S.E.2d at 339 (emphasis

 supplied). Nevertheless, to avoid a potential “harsh result” arising from the timely

 filing but untimely service of a Petition, this Court has held “the superior court has

 the authority to grant an extension in time, for good cause shown, to a party to serve

 the petition beyond the ten days provided for under G.S. 150B-46.” Id. at 234, 782

 S.E.2d at 340.

¶ 26 Here, the superior court’s good cause evaluation was supported by reason and

 was not arbitrary. The trial court’s order contains a lengthy analysis of good cause.

 Aetna argued the parties had an agreement to serve each other through counsel by

 email, the opposing parties had misled Aetna and had “unclean hands,” and “sought

 to engineer a situation in which Aetna’s petition would be dismissed for this minor

 service defect.”

¶ 27 The superior court did not find these assertions credible. The superior court

 acknowledged Aetna claimed, “it did not accomplish proper service because of an

 alleged ‘agreement’ for all pleadings [to be served] upon counsel via email upon

 filing.” The superior court explicitly rejected these assertions and found, “there was

 no such agreement” and “with respect to this judicial review proceeding in particular,
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 there was no evidence or argument that the Department or any other party agreed to

 waive the statutory service requirements necessary to vest jurisdiction in the

 superior court for a petition for judicial review.”

¶ 28 The superior court clearly determined Aetna had accused the opposing parties

 of procedural gamesmanship, rather than acknowledging a procedural mistake

 during service and asking the court to excuse that mistake “for good cause shown.”

 Id. at 232, 782 S.E.2d at 339. The court concluded, although little evidence showed

 that the untimely service had caused any prejudice for the other parties, Aetna had

 not demonstrated good cause for the court to extend the otherwise mandatory

 deadline. Id.

¶ 29 When “the trial court acts within its discretion, this Court may not substitute

 its own judgment for that of the trial court.” Gunter v. Maher, 264 N.C. App. 344,

 347, 826 S.E.2d 557, 560 (2019). The trial court’s decision was not arbitrary. It was

 a reasoned decision rendered after careful evaluation of the parties’ competing

 positions. In particular, Aetna failed to simply “own up” to a critical mistake in

 perfecting mandatory service of its Petition for Judicial Review on opposing parties.

 Aetna has shown no abuse of discretion in the superior court’s good cause

 determination. Id. Aetna’s argument is overruled.

 VI. Conclusion

¶ 30 For seventy years, our Supreme Court has held: “There can be no appeal from
 AETNA BETTER HEALTH OF N.C. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2021-NCCOA-486

 Opinion of the Court

 the decision of an administrative agency except pursuant to specific statutory

 provision therefor. Obviously then, the appeal must conform to the statute granting

 the right and regulating the procedure.” In re State ex. rel. Emp’t Sec. Comm’n, 234

 N.C. 651, 653, 68 S.E.2d 311, 312 (1951) (citations and internal quotation marks

 omitted) (emphasis supplied).

¶ 31 Our Supreme Court has further held: “The statutory requirements are

 mandatory and not directory. They are conditions precedent to obtaining a review by

 the courts and [which] must be observed. Noncompliance therewith requires

 dismissal.” Id. (emphasis supplied) (citations and internal quotation marks omitted).

¶ 32 “[T]he service requirements are jurisdictional, and the superior court did not

 err in dismissing the petition where [a party] . . . was not properly served.” Isenberg

 v. N.C. DOC, 241 N.C. App. 68, 73, 772 S.E.2d 97, 100 (2015). The superior court did

 not err in granting DHHS’ motion to dismiss nor abuse its discretion in denying

 Aetna’s motion to extend the time for service of process “for good cause.” The superior

 court’s order is affirmed. It is so ordered.

 AFFIRMED.

 Judges DIETZ and WOOD concur.