IN THE SUPREME COURT OF NORTH CAROLINA

No. 220PA24

Filed 22 May 2026

BRADLEY HOME, CARING FOR WAKE COMMUNITY AND THE CAROLINAS, INC. d/b/a BRADLEY HOME (MHL #092-319) and d/b/a BRADLEY HOME EXTENSION-KIMBERLY HOUSE (MHL #092-412)

v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, MENTAL HEALTH LICENSURE & CERTIFICATION SECTION

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of a divided panel of the Court of Appeals, 294 N.C. App. 637 (2024), reversing an order entered on 5 October 2023 by Judge Bryan Collins in Superior Court, Wake County, and remanding the case for dismissal. Heard in the Supreme Court on 28 October 2025.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, by Matthew W. Wolfe and E. Bahati Mutisya, for petitioner-appellant.*

*Jeff Jackson, Attorney General, by Kerry M. Boehm, Assistant Attorney General, for respondent-appellee.*

DIETZ, Justice.

In 2021, the North Carolina Department of Health and Human Services notified Petitioner Bradley Home of the agency's decision to revoke two licenses to operate mental health facilities. This notification triggered a 60-day "time limitation" for Bradley Home to challenge the agency's decision through a contested case in the

Office of Administrative Hearings. *See* N.C.G.S. § 150B-23(f).

Bradley Home filed a petition for a contested case 63 days later—three days beyond the 60-day limitation period. *See id.* Bradley Home contends that the petition nevertheless was timely because DHHS used the mail to send notice of its decision. Bradley Home points to a portion of the administrative code stating that "time computations in contested cases" are governed by Rule 6 of the Rules of Civil Procedure. *See* 26 N.C. Admin. Code 3.0116. Relying on Rule 6(e), which states that three days are added to any prescribed period if service is done by mail, Bradley Home argues that it had three extra days to file its petition, making it timely. N.C.G.S. § 1A-1, Rule 6(e).

The Court of Appeals correctly rejected this argument on multiple grounds, including that the code provision cited by Bradley Home applies only to "time computations *in contested cases*." 26 N.C. Admin. Code 3.0116 (emphasis added). The time limitation to *commence* a contested case is not a time deadline "in a contested case" because the contested case does not exist until it is commenced. *See* N.C.G.S. § 150B-23. In other words, this time limitation is no different from a statute of limitations in a civil case; both are time deadlines that exist outside the legal proceeding and, as a result, are not governed by the Rules of Civil Procedure. N.C.G.S. § 1A-1, Rules 1, 3.

Moreover, Rule 6(e) only applies to "service" of papers. The definition of service in the Rules of Civil Procedure does not cover delivery of an agency decision before

any judicial or quasi-judicial proceeding is commenced. The agency decision is no different from a letter terminating a contract or any other document giving rise to a legal claim. Delivery of these pre-suit documents is not service and is not governed by the Rules of Civil Procedure. Those rules apply only after the legal proceeding commences. Accordingly, we hold that Rule 6(e) of the Rules of Civil Procedure does not apply to the time deadline at issue in this case and affirm the decision of the Court of Appeals.

## Facts and Procedural History

Petitioner Bradley Home is a North Carolina corporation that operates two mental health facilities in the Raleigh area. The North Carolina Department of Health and Human Services licenses and inspects care facilities like those operated by Bradley Home. *See* N.C.G.S. §§ 122C-21, 122C-23 (2025). When necessary, DHHS is authorized to "deny, suspend, amend, or revoke a license" of any facility not complying with applicable health and safety laws. N.C.G.S. § 122C-24(a).

After an investigation, DHHS revoked Bradley Home's licenses for its two facilities. DHHS mailed notice of the revocation decision by certified mail on 3 August 2021. The notice included a section informing Bradley Home that it could challenge the revocation "by filing a petition for a contested case hearing with the Office of Administrative Hearings within sixty (60) days of mailing of this letter."

Bradley Home filed a petition for a contested case on 5 October 2021, 63 days after DHHS mailed the notice. DHHS later moved to dismiss on the ground that

Bradley Home's petition was untimely. *See* N.C.G.S. § 150B-23(f).

In response, Bradley Home argued that DHHS notified it of the decision by mail and therefore Rule 6(e) of the Rules of Civil Procedure extended the deadline by three days. This, according to Bradley Home, meant it had 63 days to commence the contested case and that it timely filed the petition on the last day of that 63-day time period.

The ALJ rejected this argument and dismissed the petition as untimely. The ALJ explained that the portions of the administrative code applying Rule 6(e) in contested cases did not apply because they governed only during "litigation," and "until a complaint or petition is filed, there is no litigation."

Bradley Home then petitioned for judicial review. The trial court reversed the ALJ's dismissal. The trial court reasoned that Rule 6(e) applied to the 60-day limitation period based on a provision of the administrative code stating that the "time computations in contested cases before the Office of Administrative Hearings shall be governed by G.S. 1A-1, Rule 6." 26 N.C. Admin. Code 3.0116.

DHHS appealed the trial court's decision. The Court of Appeals reversed in a divided opinion. The majority held that 26 N.C. Admin. Code 3.0116, the code provision referenced by the trial court, applied only "in contested cases." *Bradley Home v. N.C. Dep't of Health & Hum. Servs.*, 294 N.C. App. 637, 644–45 (2024). The majority reasoned that the 60-day statutory limitation period in section 150B-23(f) is not one "in a contested case" because it is the time period to *commence* a contested

case. *Id.* The dissent disagreed, explaining that the agency's notice of an adverse decision can be "fairly categorized" as a contested case even before any petition is filed with the Office of Administrative Hearings. *Id.* at 649–50 (Tyson, J., dissenting).

Given the disagreements in the lower courts and the lack of authority from this Court on the question, we allowed Bradley Home's petition for discretionary review.

**Analysis**

In most legal disputes between a person and a state agency, the Administrative Procedure Act governs the procedure to adjudicate the dispute. Under the APA, a legal challenge to agency action begins when aggrieved parties "commence an administrative proceeding," known as a "contested case." N.C.G.S. § 150B-22(b). This contested case "shall be commenced by paying a fee in an amount established in G.S. 150B-23.2 and by filing a petition with the Office of Administrative Hearings." *Id.* § 150B-23(a).

In most cases, including this one, the "time limitation" to commence a contested case under the APA is 60 days. *Id.* § 150B-23(f). The 60-day period "commences when notice is given of the agency decision to all persons aggrieved" by that decision. *Id.* Notice is "given" under the statute in one of three ways: "by personal delivery, electronic delivery, or by the placing of the notice in an official depository of the United States Postal Service wrapped in a wrapper addressed to the person at the latest address given by the person to the agency." *Id.*

Notably for this case, with respect to the third method—mailing the agency

decision—notice is given as soon as the decision is placed in the mail. *Id.* In other words, "under Section 150B-23(f), a petitioner is deemed to have notice of a final agency decision as soon as the agency places the decision in the mail, even if it takes several days for the petitioner to receive it." *Krishnan v. N.C. Dep't of Health & Hum. Servs.*, 274 N.C. App. 170, 173 (2020).

Filing a petition for a contested case within the 60-day time limitation period is mandatory because a person's right to administrative and judicial review of state agency action is not inherent—it is created by statute. *See* N.C.G.S. § 150B-22. Therefore, "compliance with statutory provisions is necessary to avail oneself of this right." *House of Raeford Farms, Inc. v. State ex rel. Env't Mgmt. Comm'n*, 338 N.C. 262, 267 (1994). For this reason, we have held that parties "are not entitled to OAH review" if they fail "to comply with N.C.G.S. § 150B-23(f)'s 60-day time limitation." *Id.* Indeed, in the Court of Appeals, where these administrative appeals are far more common, there is a long line of case law affirming the dismissal of contested cases for failure to file within the 60-day limitation period, even if the filer missed the deadline by only a few days. *See, e.g., Smith v. Daniels Int'l*, 64 N.C. App. 381, 382 (1983); *Gummels v. N.C. Dep't of Hum. Res.*, 98 N.C. App. 675, 678 (1990).

In this case, the parties agree that Bradley Home did not file its petition for a contested case within 60 days. Nevertheless, Bradley Home contends that its petition is timely. It supports this contention by citing a series of statutes, regulations, and rules of procedure.

First, Bradley Home points out that when DHHS issued its final decision, it chose to notify Bradley Home by mail, although it could have used one of the other methods, such as electronic delivery or personal delivery. *See* N.C.G.S. § 150B-23(f).

Next, Bradley Home points to two provisions in the administrative code applying the North Carolina Rules of Civil Procedure in contested cases. The first provision states that the Rules of Civil Procedure "shall apply in contested cases in the Office of Administrative Hearings." 26 N.C. Admin. Code 3.0101. The second provision states that "time computations in contested cases before the Office of Administrative Hearings shall be governed by G.S. 1A-1, Rule 6." 26 N.C. Admin. Code 3.0116.

Finally, Bradley Home turns to the North Carolina Rules of Civil Procedure and, specifically, to Rule 6(e). *See* N.C.G.S. § 1A-1, Rule 6(e). That subsection provides that when a filing is served by mail and there is a "prescribed period" after service to take some action, "three days shall be added to the prescribed period." *Id.*

Combining these three provisions together, Bradley Home argues that it had 63 days, not 60 days, to file its contested case petition because the agency chose to notify it of the final decision by mail and that, in turn, means Rule 6(e) added three additional days to the 60-day period.

There are several glaring flaws in this reasoning. First, and most importantly, it ignores the actual language of these provisions. As the Court of Appeals majority correctly held, the administrative code states that the Rules of Civil Procedure "shall

apply *in contested cases* in the Office of Administrative Hearings." 26 N.C. Admin. Code 3.0101 (emphasis added). The 60-day limitation period at issue is not a time deadline *in a contested case*. Instead, it is the time deadline to *commence* a contested case by filing the petition. *See* N.C.G.S. § 150B-23(a). In other words, the existence of an adverse agency decision is not what creates a contested case; the aggrieved party must choose to file a petition, "at which time the dispute *becomes* a 'contested case.'" *Id.* § 150B-22(b) (emphasis added). Until the petition is filed, no contested case exists. *See Empire Power Co. v. N.C. Dep't of Env't, Health & Nat. Res.*, 337 N.C. 569, 594 (1994).

Notably, this is consistent with civil actions governed by the Rules of Civil Procedure. N.C.G.S. § 1A-1, Rules 1, 3. No civil action exists until it "is commenced by filing a complaint with the court." *Id.* § 1A-1, Rule 3(a). As a result, time deadlines that apply *before* a civil action is commenced, such as statutes of limitations, are not governed by the Rules of Civil Procedure. *See id.* The same is true for the 60-day "time limitation" to commence a contested case. *Id.* § 150B-23(f).

Second, Rule 6(e) of the Rules of Civil Procedure applies to "*service* of a notice or other paper." *Id.* § 1A-1, Rule 6(e) (emphasis added). The immediately preceding rules discuss "service." *See id.* § 1A-1, Rules 4, 5. Service refers to the delivery of the initial summons as well as other legal filings in the case, such as pleadings, discovery requests, and motions. *Id.* These filings all have a connection to the *judicial* proceeding. When a state agency notifies an impacted person about the agency's

decision, by contrast, that is not a form of service for any judicial or quasi-judicial proceeding. It is an act of the executive branch administering the law. Interested persons receiving the notice can simply accept it; they are under no obligation to contest the agency's decision. Thus, delivery of that agency decision is not "service," just as delivering a contract termination letter that constitutes a breach is not "service" under the Rules of Civil Procedure. Even if the delivery of some document or notice gives rise to a legal claim, "service" under the Rules of Civil Procedure is not implicated until a complaint is filed asserting the legal claim. *See id.* § 1A-1, Rules 3, 4. Simply put, "service" is for actions *in* the judicial proceeding, not for actions that *could* eventually lead to a judicial proceeding.

Finally, applying the Rules of Civil Procedure to section 150B-23 could render the enabling portions of the administrative code unconstitutional. Our rules of interpretation require us to avoid this outcome. *See State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 291 N.C. 55, 70 (1976); *Delconte v. State*, 313 N.C. 384, 402 (1985). Specifically, other provisions of the APA expressly identify when and how the Rules of Civil Procedure and Rules of Evidence apply to contested cases. *See* N.C.G.S. §§ 150B-28, 150B-29, 150B-33. For example, the APA permits depositions "in lieu of other evidence when taken in compliance with the Rules of Civil Procedure" and permits parties to "engage in discovery pursuant to the provisions of the Rules of Civil Procedure." *Id.* § 150B-28(a). The APA also permits "prehearing motions that are authorized by G.S. 1A-1, the Rules of Civil Procedure." *Id.* § 150B-33(b)(3a).

Thus, there is clear statutory authority for the provisions of the administrative code applying the Rules of Civil Procedure *within* a contested case. *See* 26 N.C. Admin. Code 3.0101. By contrast, there is no authorization, either in section 150B-23(f) or anywhere else, to apply the Rules of Civil Procedure to statutory deadlines governing conduct *outside* the contested case.

State agencies cannot promulgate regulations without legislative authority to do so. *See In re N.C. Auto. Rate Admin. Off.*, 278 N.C. 302, 314 (1971); *Motsinger v. Perryman*, 218 N.C. 15, 20–21 (1940). Thus, were we to interpret these code provisions as Bradley Home suggests, it could create a claim that the provisions are ultra vires and unconstitutional. *See Motsinger*, 218 N.C. at 21. This further confirms that we should interpret these provisions to apply only *in* a contested case, not to the time limitation to *commence* that contested case. *See Delconte*, 313 N.C. at 402.

We close by addressing one of Bradley Home's arguments that caused some confusion in the lower courts. Bradley Home argued that Rule 6(e) must apply to the statutory 60-day time limitation in section 150B-23(f) because courts have previously concluded that another section of that rule, Rule 6(a), applies to this same statutory period. Rule 6(a) states that, for time periods seven days or longer, if the last day "is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions," the deadline is extended "until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions." N.C.G.S. § 1A-1, Rule 6(a).

In the trial court, Bradley Home cited a Court of Appeals case in which the 60-day statutory period in section 150B-23(f) ended on a weekend and the Court of Appeals calculated the deadline as the next business day. *See Gummels*, 98 N.C. App. at 678. The trial court focused on this case authority and made this the centerpiece of its reasoning: "If Rule 6(a) applies to the timeliness of petitions of contested case hearing, Rule 6(e) must apply as well."

The problem is that *Gummels* applied Rule 6(a) because of an entirely separate statute addressing computation of time for state laws. That statute codified the common law rule that "if the last day of a period of limitation for *commencing an action* falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day." *Hardbarger v. Deal*, 258 N.C. 31, 33 (1962) (emphasis added).

After enacting the Rules of Civil Procedure, the General Assembly amended the statute to reference Rule 6(a): "The time within which an act is to be done, as provided by law, shall be computed in the manner prescribed by Rule 6(a) of the Rules of Civil Procedure." N.C.G.S. § 1-593. Importantly, the General Assembly did not apply Rule 6(e) to these time computations as well. The legislature chose only to apply Rule 6(a). This underscores that Rule 6(e) does not apply in this case. If the General Assembly intended for that rule to apply, it would have said so in *this* statute, which expressly governs the computation of time for statutes like section 150B-23(f).

In sum, we hold that the provisions of Rule 6(e) of the Rules of Civil Procedure

do not apply to the statutory limitation period to commence a contested case. Accordingly, the ALJ properly dismissed Bradley Home's petition for a contested case because it was untimely.

We acknowledge that this dismissal may seem harsh to Bradley Home. But, as we noted above, our state's appellate precedent contains many examples of litigants whose petitions were similarly dismissed for missing this same deadline by only a few days. *See, e.g., Smith*, 64 N.C. App. at 382; *Gummels*, 98 N.C. App. at 678.

The public expects courts to apply statutory rules "uniformly to all litigants who appear before them." *Martin v. Pope*, 257 N.C. App. 641, 645 (2018). Enforcing a time deadline often can seem harsh "to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). Here, consistent with a long line of cases where litigants did not comply with this mandatory deadline, the disposition required by law is to dismiss the case. *See House of Raeford Farms*, 338 N.C. at 267.

## Conclusion

We affirm the decision of the Court of Appeals.

AFFIRMED.